WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Irma Irene Jimenez Gutierrez,<br>                Petitioner,<br>v.<br>United States of America,<br>                Respondent. | CR 04-2148 TUC-DCB<br>CV 06-227   TUC-DCB<br><br>**ORDER** |

Pending before this Court is Petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Petition) pursuant to 28 U.S.C. § 2255. The Court grants Defendant's motion, vacates and reenters the Defendant's Judgment, and appoints new counsel to represent her for purposes of her direct appeal.

The Petitioner argues that, even though she waived her right to appeal, her constitutional right to effective assistance of counsel was violated because she asked her attorney to file an appeal and he refused to do so. (Document 26: Petition at 5; Memorandum at 2, 3-4, 6-1-2.)[1]

**A.   Conviction and Sentence**

Petitioner pleaded guilty on April 15, 2005, to violating Title 21, U.S.C. § 841(a)(1) & (b)(1)(A)(viii) for possession with intent to distribute approximately 12.78 kilograms of methamphetamine (Count 1) and Title 21, U.S.C. § 952(a), 960(a)(1) and

---

[1] Document numbers refer to the Clerk's Record in this case.

(b)(1)(H), importation of approximately 12.78 kilograms of methamphetamine (Count II). (Document 7: Indictment.)

On June 24, 2005, the Court sentenced the Petitioner to 47 months imprisonment and 3 years supervised release to run concurrently on both counts, and a $200.00 special assessment. (Document 25: Judgment of Conviction.)  Petitioner was not sentenced pursuant to a Plea Agreement, but she waived her right to file an appeal in exchange for a recommendation from the Government for an additional one point reduction in her offense level for acceptance of responsibility.  She was sentenced accordingly.

**B.       28 U.S.C. § 2255: Waiver**

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A motion for such relief may be made at any time.

28 U.S.C. § 2255.

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.*  In this action, Petitioner's waiver was clear, express, and unequivocal.

The right to petition for relief under 28 U.S.C. § 2255, like the right to bring a direct appeal, is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (citing *see Abney v. United States,* 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")).  Like the waiver of the right to a direct appeal, a knowing and voluntary waiver of rights under 28 U.S.C.

§ 2255 is enforceable. *Id.* (citing *United States v. Navarro-Botello,* 912 F.2d 318, 321(9th Cir.1990)).

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Therefore, an express waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *Abarca*, 985 F.2d at 1014. The only claims that cannot be waived are claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary. *See Lampert*, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and

Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

Upon review of the record in this case, it appears that the Petitioner plead guilty to the Indictment without the benefit of a Plea Agreement, but at the time of sentencing she waived her right to appeal, (document 25: Waiver), as follows: "Defendant Irma Irene Jimenez-Gutierrez hereby: 1) Acknowledges that she is aware of her right to appeal from the sentencing decisions of the United States District Court pursuant to 18 U.S.C. § 3742 and to collaterally attack such rulings; and 2) Waives the right in order to establish her complete acceptance of responsibility in this matter." *Id.* Accordingly, the Court gave her three points instead of two for acceptance of responsibility, a substantial reduction from the guideline sentencing range of 51 to 63 months and the recommended sentence of 55 months. (Presentence Report at ¶¶ 17, 39, 53.)  The Court sentenced her to 47 months.  (Document 25: Judgment of Conviction.)

Petitioner alleges that in spite of having waived her right to directly appeal her sentence and having received a substantial benefit from this waiver, she nevertheless instructed her attorney to file an appeal and he refused.  She asserts that this was ineffective assistance of counsel.

**C.     Ineffective Assistance of Counsel: Failure to File Appeal**

In the Ninth Circuit, assuming that after sentencing a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel.  This is the law, "as contrary to common sense as it seems." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2004).

A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687-690.  A petitioner fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet either the "performance" *or* "prejudice" standard, and the district court may summarily dismiss his claim. *Id.* at 693.

In *Sandoval-Lopez*, the court explained that, according to the Supreme Court in *Peguero v. United States*, 526 U.S. 23 (1999), "'when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.'" *See also*, *Rodriguez v. United States*, 395 U.S. 327 (1969).  The *Sandoval-Lopez* court noted that this amounts to saying "'it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client,' but that is the law on filing a notice of appeal." *Sandoval-Lopez*, 409 F.3d at 1197.

"This proposition of law controls both the deficient performance prong of *Strickland* and the prejudice prong." *Id.*  It is deficient performance to not appeal, and prejudice exists because "but for" his lawyer's refusal, defendant would have appealed. *Id.*  "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Id.*  The mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000) (where defendant never expresses desire to appeal, the inquiry is whether the lawyer should have consulted with client about an appeal).

Here, Defendant does not allege a mere expression of an interest in appealing, but asserts that she requested, and her attorney refused, an appeal. If true, there has been ineffective assistance of counsel.

The court in *Sandoval-Lopez*, explained that in cases such as this, "'ineffective assistance of counsel' is a term of art that does not mean incompetence of counsel." *Id.* at 1198-99. In other words, the defendant was "probably lucky to have a lawyer who exercised such wise judgment." *Id.* at 1197. For example, filing the notice of appeal will breach the sentencing agreement the defendant entered into with the Government and give the Government the option of freeing itself from the restraint of the plea bargain. *Id.* at 1198. She may be very foolish to risk losing the advantage of her negotiated sentence of 47 months on an appeal almost sure to go nowhere in light of her express waiver of her appellate rights, especially since if she prevails and gets a new sentence without the waiver there will only be two points subtracted from her offense level for acceptance of responsibility. This means that at resentencing she will face a guideline sentencing range of 51 to 63 months, with a recommended sentence of 55 months. "Nevertheless the client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." *Id.* at 1199.

In *Sandoval-Lopez*, the court suggested that when a defendant makes an allegation that counsel has been ineffective by failing to file a requested appeal, "two things can happen: 1) the district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed; or 2) if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.* at 1198. The government might choose to

6

not object to free itself from the restraint of the agreement or because getting the appeal dismissed based on Defendant's waiver of this right would be less work than an evidentiary hearing.  *Id.*

The Court finds that the most expeditious course of action is to allow the Petitioner to proceed with her appeal.  The Court notes, however, that Petitioner is pro se and filed her habeas Petition wherein she stated her intent to file an appeal, without advice of counsel.  Given the possible extreme consequence that the Government may seek to withdraw from the negotiated sentencing agreement if Petitioner files a Notice of Appeal, this Court gives her one last chance to reconsider this intended course of action.

"Assuming without deciding that the Petitioner's claim is true," *id.*, the Court vacates and reenters the Judgment of Conviction, allowing the Petitioner an opportunity to file an appeal.  The Court appoints counsel for purposes of proceeding with her appeal.

**Accordingly,**

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (document 26) filed in CR 04-2148 TUC DCB and (document 1) filed in CV 06-227 TUC DCB is GRANTED, and the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** the relief being requested by Petitioner having been granted as provided below, the Clerk of the Court shall close the civil case: CV 06-227 TUC DCB.

**IT IS FURTHER ORDERED** that Petitioner having filed an Application to Proceed in Forma Pauperis, the Court finds that she is without means to retain counsel for an appeal.

**IT IS FURTHER ORDERED** that Maria Davila is appointed to represent the Defendant under the Criminal Justice Act for purposes of proceeding with a direct appeal. **The Clerk of the Court shall send a copy of this Order to Ms. Davila.**

**IT IS FURTHER ORDERED** that Petitioner shall file a notice with this Court after consulting with counsel, as to whether she wishes to reconsider filing her appeal or wants to proceed.

**IT IS FURTHER ORDERED** that in the event Petitioner wants to proceed with her appeal, the Criminal Judgment (document 25) entered in this case on July 5, 2006 shall be vacated and reentered by the Clerk of the Court to allow Petitioner to file a Notice of Appeal.

DATED this 2nd day of October, 2006.

David C. Bury
United States District Judge

*copy to Davila by cjs 10/03/06*